**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| DONALD SHARP, | ) | |
| | ) | Case No. 15 C 413 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| NAVISTAR INTERNATIONAL | ) | Magistrate Judge Jeffrey T. Gilbert |
| CORP., et al., | ) | |
| | ) | |
| Defendants. | ) | |

_____

| | | |
|---|---|---|
| REGIS LUTHER, | ) | |
| | ) | Case No. 15 C 3120 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | Judge Andrea R. Wood |
| NAVISTAR INTERNATIONAL | ) | Magistrate Judge Jeffrey T. Gilbert |
| CORPORATION, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**AGREED MOTION FOR LEAVE TO FILE
(1) A BRIEF IN EXCESS OF 15 PAGES; (2) A STATEMENT OF MATERIAL FACTS
THAT INCLUDES IN EXCESS OF 80 PARAGRAPHS; AND (3) EXHIBITS (AND
PORTIONS OF DOCUMENTS RELYING ON SUCH EXHIBITS) UNDER SEAL**

Plaintiffs Donald Sharp and Regis Luther (together, "Plaintiffs") and Defendants Navistar

International Corporation, Navistar, Inc., and the Navistar Amended and Restated Executive

Severance Agreement (collectively, "Navistar" or "Defendants"), by and through their attorneys,

hereby move for an order allowing them to (1) each file a brief up to 30 pages in support of their

respective motions for summary judgment; (2) each file a statement of undisputed material facts

pursuant to Local Rule 56.1(a)(3) that includes up to 120 separately numbered statements; and

(3) file under seal certain exhibits (and portions of documents quoting, referencing, or otherwise

relying on such exhibits) in connection with their forthcoming motion(s). The basis for the parties' motion is as follows:

## BACKGROUND

1.      Plaintiffs Sharp and Luther are former Navistar executives who each participated in Navistar's Executive Severance Agreement ("ESA") plan. In their operative complaints, Plaintiffs both assert claims under Section 502(a)(1)(B) of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132(a)(1)(B), seeking additional ESA severance benefits based on the theory that, within the 36-month period preceding their respective termination dates, a "Change in Control" occurred under Paragraphs 3(a)-(b) of the ESA. (*Sharp* Dkt. 66; *Luther* Dkt. 107).

2.      Expert discovery in the cases closed on December 20, 2019, and the Court has set a January 30, 2020 deadline for the parties to file any dispositive motions or Daubert motions and/or other challenges to experts. (*Sharp* Dkts. 122, 127, 129; *Luther* Dkts. 177, 182, 184). As part of discovery, Defendants produced over 30,000 pages of documents in each case and deposed both Plaintiffs; Plaintiffs deposed eight fact witnesses, as well as Defendants' Expert, NYU Law Professor Edward Rock.

3.      In the interests of efficiency and judicial economy, Navistar intends to file a single motion for summary judgment on behalf of all Defendants, addressing both Sharp and Luther's claims. Plaintiffs intend to file a motion for partial summary judgment, as well as a Daubert motion with respect to Navistar's expert witness.

## ARGUMENT

**I.    The Court Should Allow The Parties To File A Brief In Support Of Their Motion That Is Up To 30 Pages.**

4.    Local Rule 7.1 provides that "[n]either a brief in support of or in opposition to any motion nor objections to a report and recommendation or order of a magistrate judge or special master shall exceed 15 pages without prior approval of the court." Courts routinely grant parties leave to file briefs in excess of 15 pages in support of a motion for summary judgment when, for example, a single motion is filed on behalf of multiple defendants and addresses the claims of multiple plaintiffs. *See, e.g.*, *Wilbon, et al. v. Plovanich, et al.*, Case No. 12 C 01132, Minute Entry – Dkt. 170 (N.D. Ill. Aug. 26, 2013) (Aspen, J.) (granting defendant's motion for leave to file a 35-page brief in support of their joint motion for summary judgment).

5.    The ultimate issues that the parties will present to the Court in their respective motions for summary judgment require a thorough explanation given the extensive record developed during discovery. Accordingly, in order to provide the Court with a complete discussion of the issues, and explain the basis for their motions for summary judgment, the parties each request an additional 15 pages (30 pages total) for their separate memoranda of law in support of their respective motions for summary judgment.

6.    The parties submit this request in good faith and not for purposes of unnecessary or extraneous discussion of the relevant issues. Indeed, on April 20, 2016, Judge Pallmeyer permitted Defendants to file a 23-page brief in support of their initial cross-motion for summary judgment in *Luther* (*see Luther* Dkt. 71), and that motion was filed prior to the vast majority of discovery was conducted in the above-captioned cases.

**II.    The Court Should Allow The Parties To File A Statement Of Material Facts Pursuant To Local Rule 56.1(a)(3) In Support Of Their Respective Motions For Summary Judgment That Includes Up To 120 Separately Numbered Statements.**

7.    Local Rule 56.1 requires a party moving for summary judgment to file "a statement of material facts as to which the moving party contends there is no genuine issue and that entitle the moving party to a judgment as a matter of law. . . . Absent prior leave of Court, a movant shall not file more than 80 separately-numbered statements of undisputed material fact."

8.    Courts routinely grant parties leave to file additional statements of fact in support of their motion for summary judgment when, for example, a single motion is filed on behalf of multiple defendants and addresses the claims of multiple plaintiffs.  *See, e.g.*, *Wilbon,* Minute Entry – Dkt. 170 (granting defendant's motion for leave to file up to 120 facts in support of their joint Local Rule 56.1(a)(3) statement of facts).

9.    Defendants would likely satisfy the 80-paragraph limit if they addressed Sharp and Luther's claims in two separate motions for summary judgment (and in turn, filed two statements of material fact in support).   Similarly, Plaintiffs would likely satisfy the 80-paragraph limit if they filed two separate motions for summary judgment.

10.    However, in order to properly address all the issues in their motions, the parties request to file an additional 40 paragraphs in each of their respective Local Rule 56.1(a)(3) statement of facts (or 120 total for each side).

**III.    The Court Should Allow The Parties To File Under Seal Certain Categories Of Exhibits (And Portions Of Documents Relying On Such Exhibits).**

11.    Generally, the public should be able to access court documents.  *See Effinger v. United States*, No. 3:10-CV-383-JPG, 2011 WL 5828212, at *1 (S.D. Ill. Nov. 18, 2011) (Gilbert, J.).   However, "[c]ourts have . . . sealed records or portions of them . . . to protect

'business information that might harm a litigant's competitive standing.'" *Id.* (quoting *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 598 (1978)).

12.     Local Rule 26.2 governs the procedures for filing a document under seal in the Northern District of Illinois.  Rule 26.2(b) provides that "[t]he court may for good cause shown enter an order directing that one or more documents be filed under seal without order of court specifying the particular document or portion of a document that may be filed under seal."

13.     In support of their respective contentions that they are entitled to summary judgment, the parties intend to submit to the Court, among other things:

(1) Meeting minutes and documents of Navistar's Board of Directors and its Committees;

(2) Sensitive internal Navistar email communications and documents;

(3) Sensitive communications between Navistar Board members, high-level Navistar executives, representatives of Navistar's third party advisors, and representatives of Navistar's largest shareholders; and

(4) The deposition testimony of former Navistar Board members (including its former Lead Director Michael Hammes), high-level Navistar executives (such as Navistar's current and past two CEOs), and Navistar's largest shareholders (Carl Icahn and Mark H. Rachesky, M.D.), which reference such sensitive, internal Navistar documents, and discusses the internal circumstances at Navistar during the relevant time period.

Navistar also intends to rely on the expert report and corresponding deposition testimony of Professor Edward Rock, which likewise references such sensitive, internal Navistar's documents, and the testimony of the fact witnesses.  Plaintiffs intend to submit Professor Rock's expert report and corresponding deposition testimony in conjunction with their Daubert motion.

14.     Many of the documents and portions of deposition transcripts set forth in Paragraph 13 have been designated as "CONFIDENTIAL" as per the Court's agreed amended confidentiality orders in these cases.  (*Sharp* Dkt. 103; *Luther* Dkt. 160).  The parties' agreed amended confidentiality order defines "Confidential Information," in part, as "information that

reveals trade secrets or other sensitive business information" and "research, technical, commercial, or financial information that the party has maintained as confidential." (*Sharp* Dkt. 103 at 2, ¶ 2; *Luther* Dkt. 160 at 2, ¶ 2).

15.     The categories of documents referenced in Paragraph 13 that the parties would like to file in support of their respective motions (and in opposition to each other's motion(s)) contain sensitive Navistar business information within the meaning of the parties' agreed amended confidentiality order that should not be disseminated to the public at large.  Indeed, harm to Navistar's (and its largest shareholders') business dealings could result, and Navistar contends it should not be required to disclose such information in its defense of a suit it contends is meritless.  Accordingly, the parties would like to file under seal such categories of documents, as well as the portions of their briefs and supporting documents (such as their statement of material facts) that quote, reference, or otherwise rely on such information.

16.     This Court and Judge Pallmeyer have on multiple occasions granted the parties' requests to file under seal the categories of documents at issue in this motion, many of which were previously filed with the Court in support of or in opposition to other motions.  (*See Sharp* Dkts. 37, 91; *Luther* Dkt. 71).

17.     The parties bring this motion in good faith and not to unnecessarily restrict public access to the facts of this case.

## CONCLUSION

For the foregoing reasons, the parties respectfully request the Court to allow them to (1) file a brief in support of their respective motions for summary judgment that is up to 30 pages; (2) file a statement of undisputed material facts pursuant to Local Rule 56.1 that includes up to 120 separately numbered statements; and (3) file under seal certain exhibits (and portions of

documents relying on such exhibits) in connection with their respective motions for summary judgment, and Plaintiffs' Daubert motion.

Dated: January 24, 2020                                    Respectfully submitted,

**PLAINTIFF DONALD SHARP**                                 **DEFENDANTS**

By: /s/ *Eugene J. Schiltz*                                By: /s/ *James P. Looby*

    Sean B. Crotty                             Deborah S. Davidson
    Eugene J. Schiltz                          James P. Looby
    Jerry S. Menge                             MORGAN, LEWIS & BOCKIUS LLP
    Francis C. Wilkie                          77 West Wacker Drive, 5th Floor
    CROTTY & SCHILTZ, LLC                      Chicago, Illinois 60601
    120 N. LaSalle St., 20th Floor             312.324.1000 (phone)
    Chicago, Illinois 60602                    312.324.1001 (fax)
    312.444.1000 (phone)                      deborah.davidson@morganlewis.com
    scrotty@crottylaw.com                      james.looby@morganlewis.com
    gschiltz@crottylaw.com
    jmenge@crottylaw.com                       Michael L. Banks (pro hace vice)
    fwilkie@crottylaw.com                      MORGAN, LEWIS & BOCKIUS LLP
                                               1701 Market Street
    ATTORNEYS FOR PLAINTIFF                    Philadelphia, PA 19103
    DONALD SHARP                               215.963.5000 (phone)
                                               215.963.5001 (fax)
**PLAINTIFF REGIS LUTHER**                                     michael.banks@morganlewis.com

By: /s/ *Sean C. Burke*                                        ATTORNEYS FOR DEFENDANTS

    Sean C. Burke
    THE LAW OFFICES OF SEAN C.
    BURKE
    1401 N. Western Avenue, 2nd Floor
    Lake Forest, Illinois 60045
    847.604.3970 (phone)
    sean@seanburkelaw.com

    ATTORNEY FOR PLAINTIFF REGIS
    LUTHER

**CERTIFICATE OF SERVICE**

I, James P. Looby, an attorney, hereby certify that on January 24, 2020, I caused a copy of the foregoing Agreed **Motion for Leave to File (1) A Brief in Excess of 15 Pages; (2) A Statement of Material Facts That Includes in Excess of 80 Paragraphs; and (3) Exhibits (And Portions Of Documents Relying On Such Documents) Under Seal** through the Court's CM/ECF filing system, which will transmit notice of such filing to all counsel of record.

*/s/ James P. Looby*
James P. Looby
